UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 24-mj-8124-WM

UNITED STATES OF AMERICA,

vs.

CHRISTOPHER SCHWEIKART,

Defendant.
_____/

FILED BY ____SW____ D.C.

Mar 18, 2024

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

### CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to August 8, 2014 (Mag. Judge Shaniek M. Maynard)? **No**

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? **No**

3. Did this matter involve the participation of or consultation with now Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? **No**

4. Did this matter involve the participation of or consultation now Magistrate Judge Marta Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? **No**

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By: /s/ Marton Gyires
MARTON GYIRES
ASSISTANT U.S. ATTORNEY
Court ID No.: A5501696
Southern District of Florida
500 South Australian Avenue, 4thFloor
West Palm Beach, FL 33401
Email: Marton.Gyires@usdoj.gov
Phone: 561-820-8711

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>Christopher Schweikart,<br><br>Defendant(s) | Case No. 24-mj-8124-WM |

FILED BY ___SW___ D.C.
Mar 18, 2024
ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WPB

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __March 16, 2024__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C 1111 | First-degree murder within the special maritime or territorial jurisdiction of the United States |

This criminal complaint is based on these facts:
See Attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Sara Medina, Special Agent, VA OIG
Printed name and title

Attested to me by the applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.1

Date: March 18, 2024  3:17 p.m.

_____
Judge's signature

City and state: West Palm Beach, FL

William Matthewman, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT

I, Sara Medina, being duly sworn, hereby depose and state the following:

## INTRODUCTION

1. I am a Special Agent with the Department of Veterans Affairs Office of Inspector General (VA OIG) and have been so employed since September 2020. I am currently assigned to the Southeast Field Office (located in Palm Beach Gardens), where I am authorized and responsible for investigating crimes pertaining to programs and operations of the VA, including Title 18, United States Code, Section 1111.

2. The facts and information contained in this affidavit are based on my personal knowledge and observations, as well as information received in my official capacity from other individuals, including law enforcement officers. This affidavit does not purport to contain each and every fact known to me about this case but addresses only the information that is necessary to support a finding of probable cause for the issuance of a criminal complaint charging Christopher James Schweikart ("SCHWEIKART") with first-degree murder within the special maritime or territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 1111.

## PROBABLE CAUSE

3. On or about March 16, 2024, at approximately 5:21a.m., VA OIG Special agents Beau Timberlake and I arrived at the VA Medical Center in West Palm Beach (VAMC WPB), located at 7305 North Military Trail, Riviera Beach, Florida 33410, after receiving a call from Officer Clyde Hall, VA Police Service, VAMC WPB, regarding a veteran ("Victim"), who was found unresponsive in the shared bathroom between rooms 208 and 210, in the psychiatric care unit (3C) of the hospital. I received the call at about 4:16a.m. VAMC WPB medical staff had

attempted to resuscitate the victim to no avail and the victim was pronounced dead at the scene. The victim's room was room 210, which he shared with SCHWEIKART. The room has two beds. The doors to the bedrooms are typically closed at night, but not locked. The patients have access to other rooms and spaces, but the entire psychiatric care unit at the hospital is locked, meaning patients cannot simply walk out. Surveillance videos from throughout the night and morning show nurses doing their rounds and do not appear to show any other patient entering room 210.

4.      While in room 210, VA OIG agents discovered a black ink handwritten inscription (in print, not cursive) in a bible that VA staff said was positioned on the bathroom floor next to the victim when he was found unresponsive. The inscription said "God, I have lived a good life. Take me home." VA OIG agents noticed that the victim's roommate, SCHWEIKART, had a black ink pen located on SCHWEIKART'S bed and a different bible on his nightstand that contained a black ink handwritten note on a separate small piece of paper placed inside the bible (in print, not cursive) that wrote the name Keith followed by a phone number. This handwriting appeared to be consistent with the handwriting of the inscription found in the victim's bible. The bible on SCHWEIKART's nightstand had SCHWEIKART's name written inside of it.

5.      While still at the scene, F.C., a Registered Nurse at VAMC WPB, told law enforcement that SCHWEIKART told her something to the effect of: "I just want to die. I want to die so bad. I killed the guy. I put my hands around his neck. He wanted to die." VA OIG Special Agents Beau Timberlake and I conducted a recorded interview with SCHWEIKART. The interview took place in a large open room with numerous tables and chairs, which is used for, among other things, eating meals. In addition to us, inside the room were the psychiatrist on duty, the nurse manager, and approximately two VA police officers. Agent Timberlake and I and SCHWEIKART were sitting at a table. SCHWEIKART was not handcuffed. The other

individuals who were in the room were seated or standing elsewhere. The entire interview lasted approximately five minutes. When the interview began, SCHWEIKART was asked something to the effect of "what happened last night?" SCHWEIKART said that the victim was talking about Vietnam. SCHWEIKART said that he walked into the bathroom. Agents stopped SCHWEKART at this point and told him that this conversation was totally voluntary and that we appreciated him talking to us, and that he can stop the interview at any time. SCHWEIKART replied with something to the effect of "I can't lie." The interview continued. SCHWEIKART said that the victim startled SCHWEIKART after SCHWEIKART walked into the bathroom, and then SCHWEIKART strangled the victim. SCHWEIKART then said he wanted a lawyer and the interview was concluded.

6. Later in the evening on March 16, 2024, SCHWEIKART stated to M.A., Registered Nurse, VAMC WPB, something to the effect that he was sorry for what he did and that he killed the victim. SCHWEIKART told M.A. that when the victim went to the bathroom and sat on the toilet, SCHWEIKART startled the victim from behind and strangled him with both hands. SCHWEIKART said that when the victim had no more life in him, SCHWEIKART tried to adjust the victim on the toilet so that it would not look so obvious. After strangling the victim, SCHWEIKART said that he went back into his room and laid in his bed.

7. On or about March 16, 2024, the Palm Beach County Medical Examiner's (PBCME) Office assumed control of the victim's body to conduct an autopsy. On or about March 17, 2024, an Associate Medical Examiner who performed the autopsy called Agent Timberlake and said that the victim's body had trauma and hemorrhaging internally, which was consistent with strangulation.

## CONCLUSION

8. Based on the forgoing, I respectfully submit that there is probable cause to believe that on or about March 16, 2024, Christopher James SCHWEIKART committed first-degree murder within the special maritime or territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 1111.

SARA MEDINA
SPECIAL AGENT
VA OIG

Attested to me by the applicant by Telephone (FaceTime) per Fed.R.Crim.P. 4(d) and 4.,1 this  18th   day of March, XXXX 2024.

WILLIAM MATTHEWMAN
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

**Defendant's Name:**   Christopher Schweikart

Case No:  24-mj-8124-WM

Count #: 1

First-degree murder within the special maritime or territorial jurisdiction of the United States, in violation of Title 18, United States Code, Section 1111

* Max. Term of Imprisonment: death or life imprisonment
* Mandatory Min. Term of Imprisonment (if applicable): death or life imprisonment
* Max. Supervised Release: 5 years
* Max. Fine:  $250,000

*Refers only to possible term of incarceration, supervised release and fines.  It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.